NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSSELIN IVETH MEJIA-ESCOTO,

      Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

No. 23-3058

Agency No.
A209-906-044

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Seattle, Washington

Before: BOGGS***, McKEOWN, and R. NELSON, Circuit Judges.

Josselin Iveth Mejia-Escoto (Petitioner), a native and citizen of Honduras,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

her appeal from an immigration judge's (IJ) order denying her application for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and the BIA's factual findings for substantial evidence. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial-evidence standard, the BIA's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Our review is limited to those grounds explicitly relied upon by the [BIA] . . . . except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (quotation omitted).

1. Substantial evidence supports the BIA's determination that Petitioner failed to establish past, or a likelihood of future, persecution. Petitioner points as evidence of persecution to three in-person altercations with Nerian, the father of her daughter. In one, Nerian raised his hand and cursed at Petitioner but did not strike her. Petitioner did not seek medical attention after the other two incidents in which

---

[1] Petitioner seeks review of the BIA's decision affirming the IJ's decision, which included denial of relief under the Convention Against Torture (CAT). But she did not challenge the IJ's denial of CAT relief in front of the BIA. Thus, the BIA considered the issue waived. Because Petitioner also does not raise this issue in her opening brief, we too consider the issue waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

Nerian did strike her. Petitioner also points to three Facebook messages she received in April, September, and December 2020, which threatened that Nerian would kidnap their daughter.

These tragic incidents do not establish the "extreme concept" of persecution. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). Nor do they satisfy any of the factors we outlined in *Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Petitioner also had no contact with Nerian from 2017–2021 and lived safely in Honduras for months after receiving the last message. These facts do not compel a finding of past, or a likelihood of future, persecution. For this reason alone, Petitioner cannot show an entitlement to asylum or withholding of removal. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

2. Substantial evidence also supports the BIA's determination that Petitioner failed to establish that a protected ground—i.e., that she is a Honduran woman or a family member of Marilyn Mejia Escoto—was "at least one central reason" for her alleged persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009). The record demonstrates that Nerian was motivated by a personal custody dispute; Petitioner herself testified that he assaulted her because she "took [their daughter] away" from him." So, the harm Petitioner experienced was motivated by personal retribution rather than a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001). Because

Petitioner did not show a nexus between her harm and a protected ground, the BIA was correct in finding she did not show an entitlement to asylum or withholding of removal for a second reason. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023); *accord Molina-Morales*, 237 F.3d at 1052.

**PETITION DENIED.**